## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| TOMMY HOLLINGSWORTH,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> HENRY COUNTY, et al.,  ) <br> ) <br> Defendants.  ) | Case No. 1:20-cv-01041-STA-cgc |

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

Before the Court is a Motion for Default Judgment (ECF No. 68) filed by Plaintiff Thomas Hollingsworth, as personal representative of the Estate of Christopher Archie.  Plaintiff seeks a default judgment against Defendant Rakesh Amin, M.D.  Plaintiff obtained entry of default against Dr. Amin on September 17, 2020.  Plaintiff now seeks to reduce the default to a default judgment against Dr. Amin for an unspecified amount of damages.  Since the filing of Plaintiff's Motion, Amin has not taken any further action to defend himself against Plaintiff's claims for relief and therefore continues to be in default.

The Court holds that as a matter of procedure, default judgment against Dr. Amin is premature until the Court can decide Plaintiff's claims against the other Defendants.  In cases involving multiple defendants with joint liability or related theories of liability, the best case management practice is to delay entry of default judgment against an absent party until the trial court can determine the merits of the claims against the other defendants.  *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial

of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974); *see also* Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed.). In this case, Plaintiff has alleged a claim against Dr. Amin for violations of the Tennessee Healthcare Liability Act. The Amended Complaint (ECF No. 28) alleges that Dr. Amin "and/or" Defendant John Cain, Jr., M.D. breached their duty to supervise Defendants Melinda Maranto and Phillip McCain, the nurse practitioners employed by Henry County who treated Plaintiff's decedent Christopher Archie. *See* Am. Compl. ¶¶ 33, 34, 52, 55. Prior to filing the Motion for Default Judgment as to Dr. Amin, Plaintiff voluntarily or otherwise agreed to the dismissal of Dr. Cain and Nurse Practitioners Maranto and McCain. Notice of Voluntary Dismissal as to John Cain, Jr., M.D., Aug. 1, 2020 (ECF No. 54); Notice of Voluntary Dismissal as to Phillip McCain, Aug. 18, 2020 (ECF No. 60); Notice of Voluntary Dismissal as to Melinda Maranto, Aug. 27, 2020 (ECF No. 63). Plaintiff's Motion for Default Judgment has not argued what legal effect the dismissal of these Defendants has on what are arguably derivative claims against Dr. Amin who is sued in his capacity as a supervisor and charged with breaching his duty of care as a medical doctor to supervise the nurse practitioners. In any event, until the Court has reached the merits of the remaining claims against all Defendants, default judgment against Dr. Amin is premature. Therefore, the Motion for Default Judgment is **DENIED** without prejudice.

    **IT IS SO ORDERED**.

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    CHIEF UNITED STATES DISTRICT JUDGE

                                    Date: March 24, 2021